UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | 17-119-SDD-EWD |
| RENATA FOREMAN | |

### SUPPLEMENTAL RULING

This matter is before the Court on the Government's *Motion for Reconsideration*[1] of the Court's previous order that counsel in this matter, both for the Government and the Defendant, shall pay a fine for the untimely filing of trial exhibits in contravention of this Court's pre-trial *Notice to Counsel*.[2] The Court set this matter for hearing and heard argument from counsel on this matter. The Court adopts the recitation of facts set forth by the Court in that hearing and the oral reasons given for the denial of the motion. The Court provides supplemental reasons for its denial and clarifies its *Ruling* as follows.

Counsel for the Government has the erroneous impression that the Court has held them in criminal contempt pursuant to Rule 42(b) of the Federal Rules of Criminal Procedure. As stated by the Court, the Court never used the word contempt in sanctioning the attorneys in this matter and the Court did not, and does not, intend to hold the attorneys in contempt, criminal or civil.[3] The Court further clarifies that it did not

---

[1] Rec. Doc. No. 50.
[2] Rec. Doc. No. 11.
[3] *See U.S. v. Alves*, 136 Fed. Appx. 616 (5th Cir. 2005)(Fifth Circuit affirmed $750 fine imposed on attorney who failed to appear at the scheduled arraignment of his client and also found that the appellant failed to show that the sanction amounts to a finding a criminal contempt.).
45396

sanction the Government for the conduct at issue; rather, the Court fined the individual attorneys for their violations of the pre-trial deadlines set forth in this case which is within the Court's discretion.[4] Specifically, counsel for the Government failed to comply with the orders set forth in the pre-trial Notice and violated Local Civil Rule 5.2 and Local Criminal Rule 55(b).

A district court has "inherent authority to impose sanctions when a party disobeys a court order."[5] The Fifth Circuit holds that a finding of bad faith is not required "if a district court sanctions an attorney for violating one of the district court's local rules."[6] In this matter, the Court clarifies its *Ruling* to note that counsel for the Government were sanctioned based on their violation of the Local Rules of Middle District of Louisiana and failure to comply with the Court's pre-trial orders.[7]

In *Chilcutt v. U.S.*,[8] the Fifth Circuit reviewed a district court's sanctioning of Government attorneys for violations of discovery orders. Equally applicable here, the *Chilcutt* court stated:

> Congress has made it abundantly clear that it intends for Government attorneys to be treated the same as private attorneys. Amending 28 U.S.C. section 2412 in the Equal Access to Justice Act ("EAJA"), Congress determined that the Government should be held liable for attorney's fees and expenses "to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award." 28 U.S.C. § 2412(b). The House Committee on the Judiciary explained that the change in section 2412, which took effect

---

[4] This Court has previously fined an attorney for the violation of a Local Rule of Court and specifically ordered that the sanction was to be paid by the attorney and not passed on to his client.
[5] *Pitman v. Brinker Intern., Inc.*, 216 F.R.D. 481 (D. Arizona).
[6] *In re Hermesmeyer*, 688 Fed. Appx. 300, 304 (5th Cir. 2017)(citing *In re Goode*, 821 F.3d 553, 559 (5th Cir. 2016).
[7] *Id.* at 304 n. 7 ("We recognize that the district court initially "consider[ed] [Hermesmeyer] in civil contempt of court, and also ... in violation of one of the local rules." However, based on the district court's subsequent statements, it is clear that Hermesmeyer was sanctioned for violation of the Local Rule and not held in civil contempt.").
[8] 4 F.3d 1313 (5th Cir. 1993).

45396

Page 2 of 3

in October 1981, simply "reflects the belief that, at a minimum, the United States should be held to the same standards in litigating as private parties." HOUSE COMM. ON THE JUDICIARY, EQUAL ACCESS TO JUSTICE ACT, H.REP. No. 96–1418. 96th Cong., 2d Sess. 9 (1980), reprinted in 1980 U.S.C.C.A.N. 4953, 4984, 4987, 4996.[9]

The *Chilcutt* court also observed:

Attorneys are professionals. They are, in every respect, officers of the court, and officers of the court must comply with each court order when it is issued—not after two or three warnings to do so and not after lesser sanctions are imposed. "It [should be] universally understood that a court's orders are not to be willfully ignored, and, certainly, attorneys are presumed to know that refusal to comply will subject them and their clients to sanctions." *Batson*, 765 F.2d at 515.[10]

Accordingly, the Court supplements its reasons for the denial of the Government's *Motion for Reconsideration.*[11]

Finally, Counsel for the Defendant paid the fine imposed.[12] Counsel for the United States is hereby ordered to pay the fine imposed by the Court[13] within ten (10) days of this *Order*.

Signed in Baton Rouge, Louisiana on April 20, 2018.

*[signature]*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[9] *Id.* at 1325.
[10] *Id.* at 1324.
[11] Rec. Doc. No. 50.
[12] See the docket sheet at 4/17/18. A $60.00 sanction was paid for $10 per exhibit filed late without leave of Court.
[13] Rec. Doc. 44. A $210.00 sanction is due for $10 per exhibit (21) filed late without leave of Court.
45396