UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**                                **CRIMINAL ACTION**

**VERSUS**                                                                  **17-119-SDD-EWD**

**RENATA FOREMAN**

### RULING & ORDER

This matter is before the Court on a *Motion for Sentence Reduction Pursuant to* 18 U.S.C. § 3582(c) filed by Defendant, Renata Foreman ("Defendant").[1] The Government opposes this motion.[2] For the following reasons, the motion is denied.

### Background

Defendant is currently incarcerated at Aliceville Federal Correctional Institution ("Aliceville FCI") following jury trial wherein she was found guilty of three counts of wire fraud and three counts of aggravated identity theft. Defendant's projected release date is January 30, 2027. The Defendant now moves for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), claiming that the COVID-19 pandemic and need to care for her minor, disabled children constitute "extraordinary and compelling" reasons to reduce her sentence.[3]

### Law and Analysis

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances."[4] Under 18 U.S.C. § 3582(c), a court generally "may not

---

[1] R. Docs. 145, 190, & 191. All motions are considered together as the most recently filed motions reiterate similar facts as those originally alleged. Defendant also filed a host of "Addendums," which have also been considered.
[2] R. Docs. 146 & 166.
[3] R. Doc. 145, p. 2.
[4] *Dillon v. United States*, 560 U.S. 817, 825 (2010).

modify a term of imprisonment once it has been imposed," except in three circumstances: (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

In this case, Defendant moves to modify her sentence under 18 U.S.C. § 3852(c)(1)(A). Under § 3852(c)(1)(A)(i), a court may reduce a prisoner's sentence "if it finds that" (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

Prior to 2018 only the Director of the BOP could file these kinds of compassionate release motions. In 2018, Congress passed, and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, § 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. Before filing such motions, however, prisoners must exhaust their administrative remedies.

After a prisoner exhausts his administrative remedies, a district court may reduce a defendant's term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3852(c)(1)(A)(i).

### Extraordinary and Compelling Reasons

The Sentencing Commission's policy statement regarding compassionate release is consistent with the statute and provides, in pertinent part, as follows:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the

factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
> (1) extraordinary and compelling reasons warrant the reduction; ...
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> (3) the reduction is consistent with this policy statement.

In the commentary following the policy statement, the Sentencing Commission identifies three specific reasons that are considered "extraordinary and compelling" as well as a broader provision for reasons deemed "extraordinary and compelling."

> 1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
> (A) Medical Condition of the Defendant.—
>> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end stage organ disease, and advanced dementia.
>> (ii) The defendant is—
>>> (I) suffering from a serious physical or medical condition,
>>> (II) suffering from a serious functional or cognitive impairment, or
>
> (B) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
> (B) Age of the Defendant.—The defendant
>> (i) is at least 65 years old;
>> (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.—
>> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

>  (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C). U.S.S.G § 1B1.13 cmt. n. 1.

In *United States v. Shkambi*,[5] the Fifth Circuit addressed, as a question of first impression, whether § 1B1.13 and its commentary bind the district court when ruling on motions filed by defendants on their own behalf after Congress amended §3582(c)(1)(A) to permit such filings. The Court held "that neither the policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582," and "[t]he district court ... is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)."[6]

*Shkambi* does not, however, render § 1B1.13 irrelevant with respect to defendant-filed motions under § 3582(c)(1)(A). As the Fifth Circuit recognized even before *Shkambi*, "[a]lthough not dispositive, the commentary to ...§ 1B1.13 informs our analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."[7] And other circuits are in accord.[8]

---

[5] 993 F.3d 388 (5th Cir. 2021).
[6] *Id.* at 393.
[7] *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021).
[8] *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020) ("The substantive aspects of the Sentencing Commission's analysis in § 1B1.13 and its Application Notes provide a working definition of 'extraordinary and compelling reasons'; a judge who strikes off on a different path risks an appellate holding that judicial discretion has been abused. In this way the Commission's analysis can guide discretion without being conclusive."); *United States v. Aruda*, 2021 WL 1307884, at *4 (9th Cir. Apr. 8, 2021) (citing *Gunn* and recognizing "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding").

The defendant bears the burden to establish circumstances exist under which she is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i).[9] The only "extraordinary and compelling reason" that would apply in this case is "(A) Medical Condition of the Defendant."[10]

## Medical Condition of Defendant

Regarding medical condition, Defendant's primary reason for requesting compassionate release is the existence of COVID-19.[11] When a prisoner has access to the COVID-19 vaccine, COVID-19 simply does not present an extraordinary and compelling reason warranting sentence reduction.[12]

Additionally, Defendant's refusal of the Pfizer vaccine on April 7, 2021 is confirmed in her medical records.[13] While the vaccine is not 100% effective at preventing COVID-19 infection, it reduces the risk of serious illness or death from COVID-19, even in patients with high-risk medical conditions. For this reason, "[t]he glaring consensus among district courts is that refusal

---

[9] *United States v. Ennis*, EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release." (citing *United States v. Stowe*, No. CR H-11-803 (1), 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019))); *United States v. Wright*, Crim. Action No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.").

[10] Though Defendant argues she should be released to care for her disabled twins, the "Family Circumstances" provision of the Sentencing Commission's guidelines does not apply because Defendant does not argue that her children's primary caregiver has died or become incapacitated. *See* U.S.S.G. § 1B1.13, p.s., comment (n.1(C)).

[11] R. Doc. 145, p. 2. The Government concedes that Defendant is obese (*see* R. Doc. 146, p. 17); however, her obesity does not rise to the level of extraordinary and compelling circumstances. Additionally, Defendant's anxiety and depression do not constitute an extraordinary and compelling circumstance warranting relief, even coupled with the COVID-19 pandemic and her obesity. *See United States v. Quinones*, 2022 WL 3159987, at *2 (E.D. La. Aug. 8, 2022) ("courts within the Fifth Circuit have found that commonplace maladies such as hypertension, anxiety, depression, and obesity are not extraordinary and compelling."). Further, there is no evidence that these maladies impact Defendant's ability to care for herself inside the prison. Finally, Defendant's most recent contention that having the sickle cell trait, being a former smoker, (R. Doc. 190, p. 1) and having hypertension (R. Doc. 150, p. 2) constitute extraordinary and compelling reasons for release fares no better for the foregoing reasons and because, as discussed below, vaccine refusal subverts a defendant's arguments regarding COVID-19 being an extraordinary and compelling reason for release.

[12] *See United States v. Wymer*, 573 F.Supp. 1208, 1210 (N.D. Oh. Dec. 1, 2021); *United States v. Guzman-Cabrera*, 2022 WL 1114582, at *1 (S.D.N.Y. April 13, 2022) ("COVID-19 alone does not create an extraordinary and compelling circumstance for compassionate release.").

[13] R. Doc. 168, p. 1.

of a COVID-19 vaccine subverts a defendant's compassionate release motion."[14] As one court recognized:

> Defendant cannot establish that his conditions are exceptional and demand immediate release when he intentionally prevents the BOP from mitigating dangers to his health and safety. 18 U.S.C. § 3582(c)(1)(A). A prisoner cannot on the one hand point to the risk of severe illness, while on the other hand refuse to participate in basic precautionary measures such as vaccination. Allowing federal prisoners to qualify for compassionate release by declining to receive a COVID-19 vaccine, without justification, would discourage prisoners from becoming vaccinated. The court is exceedingly hesitant to provide prisoners an incentive to increase their risk of contracting COVID-19 and developing severe symptoms. Such a result would be profoundly counter-productive and would militate against the ameliorative purposes of compassionate release. Denial of Defendant's request for release is warranted on this basis alone.[15]

Further, according to www.bop.gov, as of November 2, 2022, at Aliceville FCI, where Defendant is incarcerated, there are no active cases of COVID-19 among the 1,624 inmates and no positive staff members.[16] As such, considering that Defendant refused the vaccine and that there are no cases at Aliceville FCI, Defendant has failed to establish the existence of sufficient

---

[14] *See, e.g., United States v. Sawyers*, 2021 WL 2581412, at *4 (C.D. Cal. June 22, 2021); *United States v. Downer*, 2021 WL 2401236, at *2 (D. Md. June 11, 2021); *United States v. Swindler*, 2021 WL 2374231, at *3 (D.S.C. June 10, 2021); *United States v. Hargrove*, 2021 WL 2210844, at *4 (W.D.N.C. June 1, 2021); *United States v. Strother*, 2021 WL 2188136, at *8 (E.D. Tex. May 27, 2021); *United States v. Redman*, 2021 WL 1737485, at *1 (W.D. Pa. May 3, 2021); *United States v. Braxton*, 2021 WL 1721741, at *5 (E.D. Tex. Apr. 30, 2021); *United States v. Cooper*, 2021 WL 1629258, at *7 (E.D. Pa. Apr. 27, 2021); *United States v. Baptiste-Harris*, 2021 WL 1583081, at *2 (D. Me. Apr. 22, 2021); *United States v. Garcia*, 2021 WL 1499312, at *3 (C.D. Ill. Apr. 16, 2021); *United States v. Ortiz*, 2021 WL 1422816, at *4–5 (E.D. Pa. Apr. 15, 2021); *United States v. Gianelli*, — F. Supp. 3d. —, 2021 WL 1340970, at *2 (D. Mass. Apr. 9, 2021); *United States v. Greenlaw*, 2021 WL 1277958, at *7 (D. Me. Apr. 6, 2021); *United States v. Bautista*, 2021 WL 1264596, at *6 (E.D. Pa. Apr. 6, 2021); *United States v. Baeza-Vargas*, — F. Supp. 3d. —, 2021 WL 1250349, at *2–3 (D. Ariz. Apr. 5, 2021); *United States v. Pruitt*, 2021 WL 1222155, at *3 (N.D. Tex. Apr. 1, 2021); *United States v. Jackson*, 2021 WL 1145903, at *2 (E.D. Pa. Mar. 25, 2021); *United States v. Figueroa*, 2021 WL 1122590, at *5 (E.D. Cal. Mar. 24, 2021); *United States v. White*, 2021 WL 964050, at *2 (E.D. Mich. Mar. 15, 2021); *United States v. Reynoso*, 2021 WL 950081, at *2 (D. Mass. Mar. 12, 2021); *United States v. Byrd*, 2021 WL 929726, at *3 (D.N.J. Mar. 11, 2021); *United States v. Goston*, 2021 WL 872215, at *2 (E.D. Mich. Mar. 9, 2021); *United States v. Israilov*, 2021 WL 861418, at *2 (S.D.N.Y. Mar. 8, 2021); *United States v. Jackson*, 2021 WL 806366, at *2 (D. Minn. Mar. 3, 2021); *United States v. Mascuzzio*, 2021 WL 794504, at *3 (S.D.N.Y. Mar. 2, 2021); *United States v. Martinez*, 2021 WL 718208, at *2 (D. Ariz. Feb. 24, 2021); *United States v. King*, 2021 WL 736422, at *2 (S.D.N.Y. Feb. 24, 2021); *United States v. Robinson*, 2021 WL 719658, at *1 (W.D. Pa. Feb. 23, 2021); *United States v. Lohmeier*, 2021 WL 365773, at *2 (N.D. Ill. Feb. 3, 2021); *United States v. McBride*, 2021 WL 354129, at *3 (W.D. N.C. Feb. 2, 2021); *United States v. Williams*, 2021 WL 321904, at *3 (D. Ariz. Feb. 1, 2021); *United States v. Gonzalez Zambrano*, 2021 WL 248592, at *5 (N.D. Iowa Jan. 25, 2021).
[15] *United States v. Austin*, 2021 WL 1137987, *2 (E.D. Mich. Mar. 25, 2021).
[16] *See* bop.gov/coronavirus (last visited November 2, 2022).

reasons based on her medical conditions or the COVID-19 pandemic that would constitute extraordinary and compelling reasons to warrant relief under the compassionate release statute.[17] Furthermore, the BOP has undertaken "extensive and professional efforts to curtail the [COVID-19] virus's spread."[18] As such, even though Defendant has medical conditions, there are no extraordinary and compelling reasons supporting compassionate release.

### Other Factors Disfavor a Sentence Reduction

Even if this Court were to find Defendant's medical conditions or other circumstances extraordinary and compelling reasons for release, the § 3553(a) factors disfavor a sentence reduction. The § 3353 sentencing factors include the nature and circumstances of the offense and history of the defendant. The Court may also consider the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with needed education, training and treatment.[19]

Defendant was found guilty of three counts of wire fraud and three counts of aggravated identity theft. She was sentenced to 111 months of imprisonment.[20] At this point, Defendant has only served approximately 30% of her sentence. Further, Defendant has failed to demonstrate that she is no longer a danger to the public; rather, the fraud that served the basis for conviction herein was committed while Defendant was in a halfway house for an earlier fraud conviction, and she continued a third fraud scheme after indictment and through the time of her trial in this case. The Court finds that, under these circumstances, a reduction in Defendant's sentence would not reflect

---

[17] *See United States v. Leavell*, No. 2:07-CR-202, 2021 WL 1517912, at *3 (E.D. La. Apr. 16, 2021) (defendant with high blood pressure, diabetes, and obesity alleged nothing more than general concerns about possible exposure to COVID-19 and was not entitled to release under § 3582);
[18] *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).
[19] 18 U.S.C. 3553(a).
[20] R. Doc. 91, p. 2

the gravity of the offenses, reflect Defendant's history with crime, nor adequately deter future offenses. Thus, given the foregoing, the Court will not disturb the sentence.

## Conclusion

For the above and foregoing reasons, **IT IS ORDERED** that the Defendant's Motions[21] are **DENIED**.

Baton Rouge, Louisiana, this 17 day of November, 2022.

SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[21] R. Docs. 145, 190, & 191.