## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

versus                                                    CRIMINAL NO. 17-119-SDD-EWD

RENATA FOREMAN

### RULING

This matter is before the Court on the *pro se* Motion under 28 U.S.C. 2255 to Vacate, Set Aside, or Correct Sentence filed by the Defendant, Renata Foreman ("Foreman").[1] The United States ("the Government") has filed an Opposition to this motion,[2] to which Foreman filed a Response.[3]   For the following reasons, Foreman's motion is DENIED.

## I.      PROCEDURAL AND FACTUAL BACKGROUND

Foreman was convicted by a jury of three counts of wire fraud and three counts of aggravated identity theft.[4] Foreman was sentenced by this Court to a total term of imprisonment of 111 months,[5] and her conviction and sentence were affirmed by the United States Court of Appeals for the Fifth Circuit.[6]   Foreman subsequently filed the pending motion, in which she argues, *inter alia*, that this matter should be reassigned due

---

[1] Rec. Doc. 121.
[2] Rec. Doc. 136.
[3] Rec. Doc. 142.
[4] Rec. Doc. No. 49.
[5] Rec. Doc. No. 91.  Foreman was sentenced to Imprisonment for a total term of 87 months on each of counts 1, 2, and 3, to run concurrently, and a term of 24 months on each of counts, 4, 5 and 6, to be served concurrently with each other, but consecutive to counts 1, 2, and 3, for a total term of imprisonment of 111 months.
[6] *United States v. Foreman*, 797 Fed. App'x 867 (5th Cir. 2020).

to the alleged bias of the undersigned.[7] Foreman filed subsequent "Section 2255" motions on the issue of recusal.[8] The Court addressed the recusal issue in a separate ruling denying Foreman's motions to recuse, issued on November 7, 2022.[9] The Court will not revisit the recusal issue herein but instead turns to the other arguments raised by Foreman in her motion.

First, Foreman claims ineffective assistance of trial counsel in the following three manners: (1) trial counsel "had" Foreman sign a stipulation to the facts used to convict her at trial;[10] (2) trial counsel failed to call a willing, unidentified witness at trial who would have confessed to committing the crime;[11] and (3) trial counsel failed to file a motion to suppress unspecified evidence that was used to convict her.[12] Foreman also claims ineffective assistance of appellate counsel for failing to prepare her appeal with Foreman's assistance and failing to raise the issues Foreman asserts in this motion.

Second, in a claim that appears to mirror subsection (3) above, Foreman argues that her Fourth Amendment rights were violated when law enforcement seized her phone from her person.[13] Foreman contends the phone and its contents should have been suppressed because law enforcement lacked a search warrant for that particular phone.[14]

Third, Foreman argues a purported *Brady v. Maryland* violation, stating that the "Government obtained information from several email accounts, related to the fraud, which [occurred] while Movant was residing in a Residential Reentry Center (half-way

---

[7] *Id.*
[8] Rec. Docs. 170 & 173.
[9] Rec. Doc. 196.
[10] Rec. Doc. 121, p. 4.
[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] *Id.* at p. 5.

house) and not allowed to have phones with internet, camera, and other criteria."[15]   The Government interprets this claim as an argument that the Government suppressed information on the iPhone and LG phone associated with Foreman's email accounts that were used to file Disaster Unemployment Assistance ("DUA") claims; however, Foreman fails to specify what information she believes was suppressed.

Fourth, Foreman contends the Government impermissibly used her prior 2013 convictions "to obtain conviction on new charges."[16]   Foreman claims this violated the Double Jeopardy Clause of the Fifth Amendment.   Also under the Double Jeopardy Clause, Foreman contends the Court improperly calculated her guideline range for sentencing based on her previous convictions.[17]

Fifth, Foreman argues this case should be transferred to the Eastern District of Louisiana.[18]

## II.    LAW AND ANALYSIS

### A.  Relief under Section 2255

Under 28 U.S.C. § 2255, a federal inmate can file a motion to vacate, set aside, or correct their sentence if, "that sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." The Fifth Circuit has stated that, "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow

---

[15] *Id.* at p. 7.
[16] *Id.* at p. 8.
[17] *See* Rec. Doc. 60, pp. 13-14.  The Government correctly notes that this claim is not cognizable in a Sec. 2255 motion.  Rec. Doc. 136, p. 5 (citing *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) ("Misapplications of the Sentencing Guidelines . . . are not cognizable in § 2255 motions.")(citations omitted)).
[18] Rec. Doc. 121, p. 11.

range of injuries that could not have been raised in a direct appeal and would, if condoned, result in a complete miscarriage of justice." [19]

"When a § 2255 motion is filed, the district court must first conduct a preliminary review."[20] "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion."[21] If the motion raises a non-frivolous claim to relief, the court must order the government to file a response or to take other appropriate action.[22] After reviewing the government's response along with any other relevant materials, the court must determine whether an evidentiary hearing is warranted.[23]   An evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[24] No evidentiary hearing is required, however, if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations."[25]

When a defendant has exhausted her right to appeal, her conviction and sentence are presumed to be fair and final.[26] Therefore, an issue raised for the first time in a motion pursuant to 28 U.S.C. § 2255 will be considered only if the defendant shows "cause" for her failure to previously raise the issue and "actual prejudice" resulting from the alleged

---

[19] *United States v. Acklen*, 47 F.3d 739, 741 (5th Cir. 1995).
[20] *United States v. Hutton*, No.16-184, 2020 WL 5517332, *2 (E.D. La. Sep. 14, 2020)
[21] Rules Governing § 2255 Proceedings, Rule 4(b).
[22] *Id*.
[23] Rules Governing § 2255 Proceedings, Rule 8.
[24] 28 U.S.C. § 2255(b).
[25] *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).
[26] *United States v. Frady*, 456 U.S. 152,164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991)(en banc).

error.[27] Vague or conclusory allegations are insufficient to raise a claim under 28 U.S.C. § 2255.[28]

The pleadings of a *pro se* prisoner litigant are reviewed under a less stringent standard than those drafted by an attorney and are provided a liberal construction.[29] Nevertheless, a *pro se* litigant is still required to provide sufficient facts to support her claims, and "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue."[30] Accordingly, "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertion on a critical issue in his *pro se* petition ... to be of probative evidentiary value."[31]

Notably, in Foreman's form Section 2255 motion and in her response brief, she makes only vague and conclusory factual assertions. The pleadings contain no record citations or exhibits to back up these bald assertions. Critically, Foreman also fails to identify legal authority to support her spurious legal conclusions. Although the Court views her pleadings under a less stringent standard and gives them a "liberal construction," Foreman's failure to direct the Court to any evidence or legal authority in support of her claims forecloses the relief requested. Nonetheless, in the interests of justice, the Court will briefly address the substantive claims raised.

### B. Ineffective Assistance of Counsel

*Strickland v. Washington* articulates the standard for this claim.[32] In *Strickland*, the Supreme Court held that, to obtain relief, a defendant must show (1) that counsel's

---

[27] *Frady*, 456 U.S. at 167-68; *Shaid*, 937 F.2d at 232.
[28] *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993).
[29] *Haines v. Kerner*, 404 U.S. 519 (1972).
[30] *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993).
[31] *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983).
[32] *Strickland v. Washington*, 466 U.S. 668 (1984).

performance was deficient and (2) that the deficient performance prejudiced the defense.[33] A deficient performance is one in which the attorney's actions were unreasonable under prevailing professional norms.[34]  A defendant must prove both prongs to succeed in an ineffective assistance of counsel claim.[35]

To prevail on the deficiency prong, a petitioner must demonstrate that counsel's conduct failed to meet the constitutional minimum guaranteed by the Sixth Amendment.[36] "[T]he defendant must show that counsel's representation fell below an objective standard of reasonableness."[37]  In analyzing counsel's performance, a reviewing court must take into account the reasonableness of counsel's actions under prevailing professional norms and in light of all of the circumstances.[38] The reviewing court must "judge ... counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."[39] Furthermore, a petitioner must overcome a strong presumption that defense counsel's conduct falls within a wide range of reasonable representation.[40] "[I]t is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight."[41]  "Judicial scrutiny of counsel's performance must be highly deferential," and the court must make "every effort ... to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."[42] With these principles in

---

[33] *Id*. at 687.
[34] *Id*. at 688.
[35] *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997).
[36] *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001).
[37] *Strickland*, 466 U.S. at 688.
[38] *Id*. at 689; *Carty v. Thaler*, 583 F.3d 244, 258 (5th Cir. 2009).
[39] *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000)(quoting *Strickland*, 466 U.S. at 690).
[40] *Harrington v. Richter*, 562 U.S. 86, 104 (citing *Strickland*, 466 U.S. at 689).
[41] *Bell v. Cone*, 535 U.S. 685, 702 (citing *Strickland*, 466 U.S. at 689).
[42] *Strickland*, 466 U.S. at 689.

mind, federal habeas courts presume that trial strategy is objectively reasonable unless clearly proven otherwise.[43]

Prejudice occurs when there is a reasonable probability that, but for counsel's unprofessional errors, the outcome of the proceeding would have been different.[44] A reasonable probability is one that is sufficient to undermine confidence in the outcome.[45] Furthermore, "[t]he petitioner must 'affirmatively prove,' not just allege, prejudice."[46] This standard requires a "substantial," not just "conceivable," likelihood of a different result.[47] In making this determination as to prejudice, courts must review the record to determine "the relative role that the alleged trial errors played in the total context of [the] trial."[48] Thus, conclusory allegations of ineffective assistance of counsel, with no showing of effect on the proceedings, do not raise a constitutional issue sufficient to support federal habeas relief.[49]

Foreman alleges that both trial counsel and appellate counsel were ineffective in representing her. The Court will first address Foreman's claims regarding trial counsel.

### 1. Stipulations

In her initial Motion, Foreman suggests trial counsel coerced her into signing several stipulations: "Counsel had Movant sign a 'stipulation' to the facts used to convict

---

[43] *Id.*; *Johnson v. Dretke*, 394 F.3d 332, 337 (5th Cir. 2004)(counsel's "'conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness.'")(quoting *United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002)); *Geiger v. Cain*, 540 F.3d 303, 309 (5th Cir. 2008).
[44] *See United States v. Haese*, 162 F.3d 359, 364 (5th Cir. 1998).
[45] *Strickland*, 466 U.S. at 694.
[46] *Day v. Quarterman*, 566 F.3d 527, 536 (5th Cir. 2009) (quoting *Strickland*, 466 U.S. at 693).
[47] *Harrington v. Richter*, 562 U.S. 86, 112 (2011).
[48] *Crockett v. McCotter*, 796 F.2d 787, 793 (5th Cir. 1986).
[49] *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000)(citing *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983)).

at trial."[50]  Foreman entered into six stipulations with the Government at trial; her motion does not specify what stipulation(s) she is challenging.  Further, Foreman offers no facts or evidence to support the argument that she was coerced.

In her response to the Government's opposition, Foreman clarifies that she is challenging the "Stipulation of Facts as to Wire Fraud."[51]  However, rather than arguing coercion, Foreman claims trial counsel failed to explain the significance of agreeing to the stipulation that "she had used an unknown interstate wire to commit fraud."[52]  She argues this stipulation negated the need for a trial because it was an admission that she committed this element of the crime and the crime itself.  She further contends, without any legal or evidentiary support, that "[t]here is a reasonable liklihood [sic] that the outcome of the trial would have been different had there been no stipulation."[53]

Foreman's claims regarding this stipulation are meritless.  First, there remains no evidence before the Court to support her claim of coercion.    Second, Foreman mischaracterizes the actual stipulation.[54]  Nowhere in the stipulation does it read that Foreman herself used interstate wire communications to commit the charged crime.  The parties only stipulated that the applications for assistance were submitted via an interstate wire communication.  This stipulation did not admit Foreman's guilt and did not deny her of her right to trial by jury on the crime charged.  Third, Foreman offers no evidence, argument, or legal authority to undermine the strong presumption that her counsel's

---

[50] Rec. Doc. 121, p. 4.
[51] Rec. Doc. 142, p. 1.  To the extent Foreman challenges the remaining five stipulations, this challenge is denied for lack of specificity, evidence, and legal authority to support such claims.
[52] *Id.* at p. 2.
[53] *Id.*
[54] Rec. Doc. 40.

conduct fell within a wide range of reasonable representation or that this stipulation caused her prejudice such that the outcome of the trial would have been different.

    2.  <u>Unidentified Guilty Party</u>

Foreman claims trial counsel was also ineffective because he "performed no meaningful investigation" when the "actual person who committed crime was willing to testify at trial on Movant's behalf."[55]  Foreman fails to specify this "unidentified guilty party" in either her motion or her response.

To the extent Foreman is referring to her wife,[56] Shanita Foreman ("Shanita"), as the "guilty party" that was willing to confess, the Government has demonstrated why trial counsel's strategic decision not to call Shanita was not ineffective assistance of counsel. Foreman was convicted by a jury on March 22, 2018.[57]  Nearly one year later, on February 27, 2019, FBI special agents interviewed Shanita at her request.[58]  Shanita advised the FBI agents that she committed the crimes for which Foreman was convicted, and she ultimately demanded the agents to release Foreman and have her arrested.  Shanita further stated that Foreman advised her trial counsel and trial investigator that Shanita was the guilty party, but they did not believe her because she "was not with Renata Foreman when the crimes occurred."[59]  The Government maintains trial counsel's suspicion as to Shanita's guilt is supported by the record.  The Government cites to Trial Exhibit 21a, which it claims "shows a unique pattern of movement that fit the defendant,

---

[55] Rec. Doc. 121, p. 4.
[56] As the Government notes, Foreman's marital status is unclear.  Shanita's statement to the FBI claims that she and Foreman are married; however, Foreman's PSR states that Foreman has never been married. *Compare* Opposition Exhibit A *with* Doc. 62 at 5.
[57] Rec. Doc. 49.
[58] Rec. Doc. 136-1, p. 1.
[59] *Id.*

rather than anyone else on earth."[60]   Further, multiple trial witnesses and documents corroborated Foreman's movements.[61]

Moreover, there is no evidence that Shanita was ever at any of these locations during the relevant time frame and, thus, in a position to utilize the IP addresses.  While Shanita claimed she occasionally lived with Foreman's mother, suggesting she and Foreman were together when the crimes occurred, this statement was contradicted by Foreman's mother, Justine Montgomery, at trial, when she testified under oath as to all persons living with her during the relevant time periods; Shanita was not mentioned in this list.[62]  At trial, defense counsel *did* offer evidence to suggest that Tremaine Montrell could have committed the charged crimes; he was present with Foreman at key locations during the relevant times, and the record demonstrated that he was involved with the charged crimes.[63]

Notably, defense counsel has the prerogative over trial strategy, including whom to call as witnesses, even when the defendant disagrees,[64] and courts are required to be highly deferential to the trial strategy of criminal defense counsel.  There is also no evidence before the Court that trial counsel failed to investigate Shanita's claims; rather, it appears trial counsel did not find evidentiary support for Shanita's version of events.  In any event, this Court previously held in *United States v. Ohia*:[65]

> Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable, and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the

---

[60] Rec. Doc. 136, p. 12 (citing Rec. Doc. 77, pp. 203-205.

[61] *Id.* (citing *e.g.*, Rec. Doc. 76, pp. 80-96; Rec. Doc. 77, pp. 58-80, 135-148).

[62] Rec. Doc. 78, pp. 26, 29-30, 33-34; Rec. Doc. 77, p. 91.

[63] Rec. Doc. 78, pp. 58, 60-62, 76; Trial Defense Exhibits 8-11; Rec. Doc. 77, pp. 61, 111.

[64] *McCoy v. Louisiana*, 138 S. Ct. 1500, 1509 (2018).

[65] No. 13-139-SDD-EWD, 2017 WL 1088081 (M.D. La. Mar. 22, 2017).

limitations on investigation. A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial.[66]

Foreman has failed to demonstrate ineffective assistance of trial counsel based on counsel's alleged failure to investigate claims that Shanita, rather than Foreman, was the guilty party or his failure to call Shanita as a witness at trial.  The record in this case overwhelmingly supports Foreman's convictions.  Foreman has not presented the Court with any credible evidence of her actual innocence, of trial counsel's failure to properly investigate her case, or of trial counsel's error in failing to advance a defense that was unsupported by the evidence.  As an officer of the court, trial counsel is ethically precluded from advancing a defense known to be false. [67]

### 3.  Failure to File Motion to Suppress

Finally, Foreman contends trial counsel was deficient in failing to file a motion to suppress the iPhone seized from her person on February 1, 2017, pursuant to a search warrant.[68]  When a petitioner claims defense counsel was ineffective in failing to move to suppress evidence, "in addition to the *Strickland* factors, the defendant must prove that [her] claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice.[69]  Moreover, "[a]n attorney's failure to raise a meritless argument thus cannot

---

[66] *Id.* at *4 (citations omitted).
[67] *See* LA. R. PRO. COND. 3.3(a)(3).
[68] Rec. Doc. 77, p. 12.
[69] *U.S. v. Valdez*, 2013 WL 696914 at *13 (W.D. La. Feb. 4, 2013)(citing *Kimmelman v. Morrison*, 477 U.S. 365, 375, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986).

form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue."[70]

In the present case, Foreman fails to offer factual or legal support for her argument that a motion to suppress should have been filed.  Foreman complains that law enforcement obtained a search warrant for her mother's home and were only authorized to search those premises, not to seize her cellphone from her person.[71]

The Government cites the terms of the search warrant, arguing that the cellphone fell within the scope of the warrant.  The property to be seized included: "[a]ll records" relating to crimes involving false statements and aggravated identity theft, "involving Renata Foreman," and the attachment provided an illustrative list of the possible forms these records could take: "[a]ny emails or electronic communications stored on any computer located on the premises" are included in order to determine if they contain information related to a specified list of email accounts or communications with the Louisiana Workforce Commission.[72]  Further, a "computer" is defined as specifically including "mobile phones."[73]

It is true that a search warrant authorizing law enforcement to search a premises does not authorize them to search a person found on the premises without some individualized probable cause.[74]  However, under the plain view doctrine, law

---

[70] *U.S. v. Mingo*, 2014 WL 4443485 at *4 (E.D. La. Sep. 9, 2014)(quoting *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir.1999); *see also Medellin v. Dretke*, 371 F.3d 270, 279 (5th Cir.2004) ("Because the claim ... is without merit, the claim of ineffective assistance of counsel for not raising the issue on appeal is, likewise, without merit."); Smith v. Puckett, 907 F.2d 581, 585 n. 6 (5th Cir.1990) ("Counsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim.")(internal quotation marks omitted).
[71] Rec. Doc. 121, p. 5.
[72] Rec. Doc. 136-2
[73] *Id.*
[74] *United States v. Munoz*, 957 F.2d 171, 173 (5th Cir. 1992)(citing *Ybarra v. Illinois*, 444 U.S. 85, 91 (1979)).

enforcement is authorized to seize evidence in plain view, even without a warrant.[75] One of the FBI agents executing the search warrant testified at Foreman's trial that Foreman pulled into the driveway of the premises during the search and was observed holding her cellphone in her hands.[76]  Foreman offers nothing to dispute these facts.  In her response to the Government's opposition, she merely restates, without any contradictory facts or legal authority: "Federal officers seized Ms. Foreman's cell phone while executing a search warrant of Ms. Foreman's Mother's home.  Cell phones require separate warrants and any evidence used at trial should have been suppressed."[77]

Because Foreman's cellphone fell squarely within the scope of the search warrant, and was within plain view of the searching officers, the Court finds that she has failed to demonstrate ineffective assistance of trial counsel for failing to file a motion to suppress. Foreman has failed to affirmatively prove that trial counsel provided ineffective assistance of counsel as required by *Strickland*. Accordingly, Foreman's motion as to this claim is DENIED.

### 4.  Appellate Counsel

Criminal defendants are entitled to effective assistance of counsel in their first appeal of right.[78] The *Strickland* standard also applies to claims of ineffective appellate counsel.[79] To prevail on a claim that appellate counsel was constitutionally ineffective, a petitioner must show that appellate counsel unreasonably failed to discover and assert a

---

[75] *United States v. Paige*, 136 F.3d 1012, 1023 (5th Cir. 1998) (citations omitted).
[76] Rec. Doc. 77, pp. 14-16.
[77] Rec. Doc. 142, p. 3.
[78] *Evitts v. Lucey*, 469 U.S. 387, 394 (1985).
[79] *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Goodwin v. Johnson*, 132 F.3d 162, 170 (5th Cir. 1997).

nonfrivolous issue and must establish a reasonable probability that petitioner would have prevailed on this issue on appeal but for counsel's deficient representation.[80]

Effective appellate counsel is not required to assert every nonfrivolous available ground for appeal.[81] To the contrary, the United States Supreme Court has long recognized that appellate counsel filing a merits brief need not and should not argue every nonfrivolous claim; rather, appellate counsel may legitimately select from among the claims in the exercise of professional judgment to maximize the likelihood of success on appeal.[82] Further, appellate counsel has the discretion to exclude a nonfrivolous issue if counsel concludes that issue was unlikely to prevail.[83] Accordingly, because appellate counsel is obligated to focus on those arguments that are most likely to succeed, counsel will not be found constitutionally ineffective for failure to assert every conceivable issue.[84]

"Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues."[85] Indeed, appellant counsel's restraint often benefits the client because "a brief that raises every colorable issue runs the risk of burying good arguments ... in a verbal mound made up of strong and weak contentions."[86]

---

[80] *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001); *Smith*, 528 U.S. at 285-86.
[81] *Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998)(citing *Evitts*, 469 U.S. at 394).
[82] *Jones v. Barnes*, 463 U.S. 745, 751–52 (1983).
[83] *See Anderson v. Quarterman*, 204 F. App'x 402, 410 (5th Cir. 2006) ("The issues that Anderson argues his counsel should have raised on direct appeal ... lack merit. As such, failure to raise these issues did not prejudice Anderson."); *Penson v. Ohio*, 488 U.S. 75, 83-84, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988) (noting that courts have refused to find counsel ineffective when the proposed appellate issues are meritless); *Kossie v. Thaler*, 423 F. App'x 434, 437 (5th Cir. 2011) (recognizing the Supreme Court's basic rule that the presumption that appellate counsel was effective will be overcome only when the claims not asserted are stronger than those that were in fact raised).
[84] *Smith*, 528 U.S. at 288; *Jones*, 463 U.S. at 754.
[85] *Jones*, 463 U.S. at 751-52.
[86] *Id.* at 753.

Thus, the applicable test in assessing such a claim is whether the issue ignored by appellate counsel was "clearly stronger" than the issues actually presented on appeal.[87]

Foreman contends appellate counsel was ineffective because counsel prepared her appeal without her assistance and counsel failed to "bring up" the grounds Foreman has asserted in this Section 2255 motion.[88]  This claim is not mentioned by Foreman in her response to the Government's opposition.  When the claim of ineffective assistance of appellate counsel is based on the failure to raise an issue on appeal, the prejudice prong of *Strickland* requires the petitioner to establish that the appellate court would have granted relief had the issue(s) been raised.[89]

Foreman's ineffective assistance claim against appellate counsel fails because she has not demonstrated (or even discussed) how she would have prevailed on appeal had appellate counsel raised the claims asserted in the pending motion.  Further, the Court has determined that Foreman's claims are substantively without merit; thus, the Court cannot conclude that any issues raised herein would have been successful on appeal.  Foreman's motion as to appellate counsel is DENIED.

### C.  Fourth Amendment Claim

Foreman raises an independent Fourth Amendment Claim based on the alleged illegal seizure of her cellphone, but this claim is not cognizable.  The Supreme Court has held that, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional

---

[87] *See, e.g., Diaz v. Quarterman*, 228 F. App'x 417, 427 (5th Cir. 2007); *accord Smith*, 528 U.S. at 288.
[88] Rec. Doc. 121, pp. 5, 7, 8, 10, 11.
[89] *United States v. Phillips*, 210 F.3d 345 (5th Cir. 2000).

search or seizure was introduced at his trial."[90] The Fifth Circuit has extended this holding to federal prisoners' Section 2255 motions.[91] Further, the Fifth Circuit has interpreted an "opportunity for full and fair litigation" to mean, simply, "an opportunity."[92]  Trial defense counsel had the opportunity to file a motion to suppress prior to Foreman's trial but did not; likewise, Foreman had the opportunity to raise this issue on direct appeal but did not. "The fact that [Defendant], or [her] counsel, failed to take advantage of this opportunity does not render the *Stone* bar inapplicable to this claim."[93] Thus, Foreman's Fourth Amendment claim is not cognizable on collateral review as it procedurally defaulted. However, the Fifth Circuit instructs that:

> It is well-settled that where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a § 2255 motion only if the petitioner can first demonstrate either (1) cause and prejudice, or (2) that he is "actually innocent" of the crime for which he was convicted.[94]

Here, for the many reasons state above, Foreman has failed to make this showing as to either prong. Accordingly, Foreman's motion is DENIED as to this claim.

### D. *Brady* Claim

Foreman asserts a *Brady* violation occurred in her case because the "Government failed to disclose evidence favorable to defendant, in violation of due process."[95] Foreman later states that the "Government obtained information from several email accounts, related to the fraud, which occurred while Movant was residing in a Residential

---

[90] *Stone v. Powell*, 428 U.S. 465, 482 (1976).
[91] *See United States v. Ishmael*, 343 F.3d 741, 742 (5th Cir. 2003).
[92] *Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002)(quoting *Caver v. Alabama*, 577 F.2d 1188, 1192-93 (5th Cir. 1978)(stating that the Stone bar applies "whether or not the defendant avails himself of th[e] opportunity")).
[93] *United States v. Deem*, No. 2018 WL 1915081, *4 (W.D.La. Apr. 23, 2018)(citing *Stone*, 428 U.S. 465)).
[94] *United States v. Sorrells*, 145 F.3d 744, 749 (5th Cir.1998) (citing *Bousley v. United States*, 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)).
[95] Rec. Doc. 121, p. 2.

Reentry Center (half-way house) and not allowed to have phones with internet, camera, and other criteria."[96]   In opposing Foreman's motion, the Government argues it cannot respond to Foreman's *Brady* claim because she fails to explain or identify what exculpatory information the Government possessed but failed to disclose to defense counsel.   In her response, Foreman does not mention this *Brady* claim.   Because Foreman has failed to provide sufficient facts to address this claim, her motion is DENIED as to this claim.

### E.  Double Jeopardy Claims

Foreman claims that the Government used her prior conviction to obtain the present conviction in violation of the Double Jeopardy Clause.[97]   The Government points out that the Court excluded Foreman's 2013 convictions under Federal Rule of Evidence 404(b), so this claim is without merit.   Further, the Government alternatively argues that, had the convictions been admitted under Rule 404(b), such admission does not constitute a prosecution as a matter of law, and double jeopardy principles are irrelevant.[98]   Foreman does not respond to the Government's double jeopardy arguments in her response.

First, the Government is correct that the Court excluded Foreman's prior convictions at trial.   Second, regarding Foreman's complaint that her prior convictions were used in determining her sentence, this claim is easily foreclosed as a matter of law. The Fifth Circuit has repeatedly held that "double jeopardy principles are not offended by

---

[96] *Id.* at p. 7.
[97] Rec. Doc. 121, p. 8.
[98] Rec. Doc. 136, p.

the use of *prior convictions* to enhance subsequent convictions."[99]    Foreman's motion based on a double jeopardy violation is DENIED.

### F.  Venue Claim

Foreman provides no support for her request that her case be transferred to the Eastern District of Louisiana.  Further, this relief is unavailable under Section 2255: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."[100] Foreman was tried and sentenced in this Court; thus, venue is only proper in the Middle District of Louisiana.[101]  Foreman's motion on this claim is DENIED.

## III.    AMENDED MOTIONS TO VACATE AND OTHER PENDING MOTIONS

Very recently, without leave of Court, Foreman has filed two pleadings entitled "Amended Motion to Vacate."[102]  These motions reiterate prior claims but also re-urge her baseless accusations regarding the undersigned's bias against her and the need for recusal and add claims against the undersigned (and others) for purported judicial misconduct.  She also seeks "5-7 million dollars" in compensatory damages,[103] relief unavailable under Section 2255.

In an ostensible attempt to bolster her claim for recusal, Foreman filed a civil action against the undersigned, Civil Action Number 22-467-ILRL-JVM, over which Senior United States District Judge Ivan Lemelle and Magistrate Judge Janis van Meerveld

---

[99] *United States v. Simpson*, 796 F.3d 548, 555 (5th Cir. 2015)(citing *Sudds v. Maggio*, 696 F.2d 415, 417–18 (5th Cir.1983) (per curiam))(original emphasis).
[100] 28 U.S.C. § 2255(a).
[101] *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).
[102] Rec. Docs. 217 & 218.
[103] Rec. Doc. 217, p. 2.

presided.  In her "amended" motions to vacate, Foreman asserts the same patently false claims dismissed by Judge Lemelle in her civil action – that the undersigned retaliated against her and caused the Bureau of Prisons to place her in solitary confinement – and she further contends that the undersigned "call[ed] in favors"[104] and "handpicked"[105] Judges Lemelle and van Meerveld to "control" the outcome of her civil case. She accused the undersigned and Judges Lemelle and van Meerveld of "being in bed together."[106] Foreman's allegations have no basis in fact or law, and Judge Lemelle very accurately characterized Foreman's conduct in her civil case as filing pleadings that are "repetitive, frivolous and harassing."[107]  Foreman has engaged in the same conduct for much longer in these proceedings.

Several motions remain pending in this matter,[108] and each motion is frivolous, repetitive, and seeks relief for which Foreman provides no legal authority.  This Court warned Foreman previously that, even proceeding *pro se*, she is required to comply with the Local Rules of this Court with respect to her filings.[109]  Undeterred, the record abundantly demonstrates that Foreman has continued to file frivolous and repetitive pleadings,[110] and she shows no signs of stopping, despite the Court's warning. Additionally, Foreman's filings have become increasingly aggressive and harassing. The Court will not entertain further motions by Foreman as she has egregiously abused this process and caused a significant burden on the judicial resources of this Court.

---

[104] *Id*. at p. 8.
[105] Rec. Doc. 218, p. 2.
[106] Rec. Doc. 217, p. 9.
[107] Civil Action No. 22-467-ILRL-JVM, Rec. Doc. 57.
[108] Rec. Docs. 198, 199, 205, 212, 215.
[109] Rec. Doc. 189.
[110] *See* Rec. Docs. 192, 198, 199, 205, 207, 212, 215, 216, 217, 218.

Accordingly, the Clerk of Court's Office for the Middle District of Louisiana is ordered not to accept a pleading from Renata Foreman for which she has not obtained prior leave of Court. Should Foreman seek to obtain leave of Court, she is advised that any filings containing patently false and frivolous claims or claims that have been repeatedly considered and rejected by this Court will not be allowed to be filed into the record. Foreman is further advised that the proper method to challenge this Court's rulings is to file an appeal with the United States Court of Appeals for the Fifth Circuit.

## IV.    CONCLUSION

For the foregoing reasons, Foreman's Motions under 28 U.S.C. 2255 to Vacate, Set Aside, or Correct Sentence is DENIED.[111] The following motions are also DENIED: Motion to Change Venue,[112] Motion for Reconsideration,[113] Motion for Writ,[114] Motion to Compel,[115] and Motion for Reconsideration.[116]

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 6th day of December, 2023.

*Shelly D. Dick*

**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[111] Rec. Docs. 121, 217, & 218.
[112] Rec. Doc. 198.
[113] Rec. Doc. 199.
[114] Rec. Doc. 205.
[115] Rec. Doc. 212.
[116] Rec. Doc. 215.